**Rigoberto YEPES–PRADO, Petitioner,**

v.

**U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 91–70114.

United States Court of Appeals, Ninth Circuit.

Oct. 3, 1994.

Before: FERGUSON, REINHARDT, and KOZINSKI, Circuit Judges.

Concurrence by Judge FERGUSON; Concurrence by Judge REINHARDT; Dissent by Judge KOZINSKI.

**ORDER**

The Clerk is directed to furnish the Immigration and Naturalization Service with a copy of counsel's letter of July 28, 1994, and to inquire in writing whether the Service wishes to respond to or comment upon the letter.

FERGUSON, Circuit Judge, explaining a silly affair:

Judge Kozinski's dissent requires an explanation about the brief order of the majority.

In November of 1993, the panel in this case issued its amended opinion, *Yepes–Prado v. INS,* 10 F.3d 1363 (9th Cir.1993), vacating the denial by the Board of Immigration Appeals of Yepes–Prado's petition for a discretionary waiver of deportation, and remanding the matter back to the Board for further proceedings consistent with the opinion.

Recently Mr. Martin Resendez Guajardo, the attorney for Mr. Yepes–Prado, sent a letter to the Clerk of this Court seeking guidance of the Court on the proper manner in which to respond to alleged delays of the Immigration and Naturalization Service and the Board with regard to the remand.

The Clerk's office properly and routinely made copies of the letter and sent them to the members of the panel. There is no record that the government has been advised that was done. The majority deemed it sensible to ask the Clerk to inquire whether the government wished to respond to Mr. Guajardo's letter.

Judge Kozinski believes that we don't have jurisdiction to ask the Clerk to ask the Department of Justice if it cares to respond. He has also demanded that the order and his dissent be published.

His request for publication, of course, has been honored. And, of course, there is no jurisdictional impairment to the majority's simple request.

A disclaimer is necessary by reason of the elitist expressions in the dissent regarding unsolicited communications. It is doubtful that any other judge in America believes that judges may be addressed only with permission. In addition, it is important to remember that the letter was addressed to and sent to the Clerk.

Finally, it is unbelievable that anyone in the Department of Justice is so paranoid to believe, as does Judge Kozinski, that the simple request of the majority is a "thinly-veiled message indicating that we have given serious consideration to Mr. Guajardo's letter." Judge Kozinski says there shouldn't be secrets, yet dissents when the majority lifts the veil.

REINHARDT, Circuit Judge, concurring separately:

A judge of this court having requested that a letter be sent to the Immigration and Naturalization Service concerning a matter on which this panel has retained jurisdiction over future petitions or proceedings, I am

pleased to accede to my colleague's request. I therefore concur in the order.

KOZINSKI, Circuit Judge, dissenting:

My colleagues take the extraordinary step of sending the INS a written inquiry asking whether it would like to respond to a letter that hasn't been filed—a letter that *can't* be filed because there is no case pending before the court. The letter comes to us from petitioner's counsel, Martin Resendez Guajardo, who has taken it upon himself to bombard us with unsolicited and unauthorized correspondence relating facts that allegedly have transpired since we remanded the case eleven months ago.

Mr. Guajardo enclosed a notice indicating that he served the INS with the letter on July 29, 1994. Thus, the portion of our order that directs the clerk "to furnish the Immigration and Naturalization Service with a copy" of the letter is a fig leaf, and a small one at that. We know very well that the INS has had Mr. Guajardo's letter plenty long enough to respond if it cared to do so. Apparently dissatisfied with the INS' entirely proper decision not to counter Mr. Guajardo's rogue correspondence, my colleagues now seek to prod the INS into taking some action.

What is the INS to deduce from all this? The most plausible inference is that one or more of the judges on the panel has read and been troubled by Mr. Guajardo's unauthorized submission; after all, there's no point in having the INS "respond to or comment upon the letter" if both the letter and the response are to be ignored. This presents the INS lawyers with a difficult choice: Should they stick to the norms of professional conduct and refuse to be drawn into an off-the-record spitting contest concerning matters not properly before the court, but risk angering judges who will hear any appeal from the very proceedings which are the subject of Mr. Guajardo's letter? Should they cast aside their scruples and try to palliate the court's apparent concern over a factual dispute that is not before it and that it has no way of resolving? Or should the INS file a motion pursuant to 28 U.S.C. § 455, suggesting that the panel's impartiality has become "reasonably subject to question," since it has received and considered ex parte communications, and then sought to pressure the opposing side into responding in kind?

Litigation can only serve as a fair and effective means of resolving disputes if everyone plays by the rules. What Mr. Guajardo did here was unprofessional and improper: In a ham-handed effort to influence the judges he knows will ultimately decide this case, he has twice written to the court describing supposed misconduct on the part of the INS. (For those who doubt my characterization, I attach Mr. Guajardo's latest epistle.) To reward Mr. Guajardo's professional misconduct by sending the INS a thinly-veiled message indicating we have given serious consideration to this letter is to proclaim loud and clear that our judges will not avert their eyes when an improper submission is brazenly thrust before them. This, it seems to me, is the type of information that should not be kept from the practicing bar of the Ninth Circuit. *Cf.* 9th Cir.R. 36–2(d); Stanley Greenberg, *Prosecutor's Pal,* L.A.Daily J., August 30, 1994, at 6.

It is for these reasons that I emphatically dissent from the majority's seemingly trivial action today. Left to my own devices, I would just ignore Mr. Guajardo's improper attempts to influence us. But if we feel constrained to do something, the most appropriate thing would be to refer Mr. Guajardo for possible disciplinary action.

## APPENDIX

LAW OFFICE

MARTÍN RESENDEZ GUAJARDO

A PROFESSIONAL CORPORATION
TRANSAMERICA BUILDING
600 MONTGOMERY STREET
45TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

July 28, 1994

Clerk of the Court,
Ninth Circuit Court of Appeals
P.O. Box 193939
121 Spear Street
San Francisco, CA 94119–3939

RE: *Yepes–Prado v. INS*
   No. 91–70114
   I&NS No. A34–588–518

Dear sir or madam:

This second letter on behalf of the petitioner, Mr. Yepes–Prado, serves to further update the Court regarding the obstruction of the Court's remand of this case to the Board of Immigration Appeals on October 8, 1993 for the reeopening of deportation proceedings against the petitioner.

The Court vacated the Board's dismissal of the appeal and remanded this case to the Board nearly 10 months ago instructing that the Board reconsider the petitioner's application for a waiver under section 212(c) of the Immigration and Nationality Act (INA).

On April 19, 1994 the government through the Immigration and Naturalization Service (INS) in San Francisco filed an *Opposition to the Motion to Remand.*

On July 27, 1994, I again inquired with a clerk at the Board of Immigration Appeals whether the petitioner's file with the Service had yet been received for their adjudication. The clerk stated that they had no records at the Board since 1991. Nancy Abbot, a case coordinator at the Board returned my call. When I informed her that the government had filed their opposition in April and asked why the Board still would not have the file, Ms. Abbot stated she "did not know."

On July 28, 1994 Ms. Abbot at (703) 305–0690 telephoned my office to inform me that she had personally requested the petitioner's file. She also informed me that the file had been requested twice before, the first time in February 1994. Ms. Abbot then explained that following approval by the Office of Immigration Litigation, the file request goes to the Office of the Immigration Judge—in this case San Francisco, which may than be forwarded to the Federal Storage facility. She did not know how long it would take for the Board to receive the file and suggested I call again in 30 days.

Is the nearly *ten month delay* of even getting the petitioner's file to the Board an obstruction of justice? Is the Immigration Service's request that the Board deny the Court's remand proper after the Ninth Circuit has specifically ordered that such proceedings be reconsidered?

The petitioner continues to seek the guidance of this Court on the proper manner in which to respond to the Immigration Service's and Board's actions which are interfering with the court's order to remand and delaying the adjudication of the petitioner's application for immigration relief.

Cordially,

/s/ <u>Martin Resendez Guajardo</u>

MARTIN RESENDEZ GUAJARDO

Attorney for petitioner

## APPENDIX

### PROOF OF SERVICE

RE: *Yepes–Prado v. INS*

   No. 91–70114

   I&NS No. A34–588–518

I, the undersigned, declare that I am an employee of the Law Office of Martin Resendez Guajardo and my business address is 600 Montgomery Street, 45th Floor, San Francisco, California and that I have served the original/s true copy of the attached:

### LETTER TO THE CLERK OF THE COURT

in person by placing said copy in a seal envelope, which was then sealed, with postage fully paid thereon, and was this day addressed as follows:

Office of Immigration Litigation
Civil Division
Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044

Immigration & Naturalization
Service—District Counsel
630 Sansome Street
San Francisco, CA 94111

Executed on this 29 day of JULY, 1994 at San Francisco, California.

Law Office of
Martín Resendez Guajardo